UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, ) <br> DEBORA DENISE GRIFFIN, and ) <br> THE LAW OFFICES OF SHAPIRO & ) <br> KIRSCH, LLP, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHARLES KUEHN and ) <br> HOLLIS FAY SUMMERS, ) <br> ) <br>     Defendants. ) | No. 3:11-CV-39 <br> (Phillips) |

### MEMORANDUM OPINION

This matter is before the court on the motion of the plaintiffs to remand this case to the Union County General Sessions Court. In support of the motion to remand, defendants assert that (1) defendant's notice of removal does not comply with 28 U.S.C. § 1446; (2) defendant's notice of removal was not filed timely in accordance with 28 U.S.C. § 1446; and (3) this court lacks subject matter jurisdiction because there is no diversity of citizenship between the parties and there is no federal question jurisdiction.

### A. Background

On October 20, 2008, Plaintiff US Bank foreclosed on a Deed of Trust executed by Defendant Charles Kuehn, with US Bank as lender for the property known and

described as 389 Harless Road, Corryton, Tennessee (the Property). At a later foreclosure sale of the Property, Defendant Hollis Fay Summers was the successful bidder on the Property. However, when Summers failed to submit funds necessary to purchase the Property pursuant to the foreclosure sale agreement, the Property was sold to the next-highest bidder, US Bank (the original lender), in accordance with the foreclosure sale procedure.

After the foreclosure sale, US Bank filed a detainer warrant with the Union County General Sessions Court. A hearing on the detainer warrant was held on April 22, 2009. At the hearing the General Sessions Court granted US Bank possession of the Property. Following entry of judgment, a writ of possession was filed and a lockout of the Property occurred on June 15, 2009. US Bank attempted to sell the Property; however, before US Bank could negotiate a sale on the Property, Charles Kuehn or other occupants, including Summers, moved into the Property as trespassers and/or "squatters." Plaintiffs filed a second detainer warrant with the Union County General Sessions court against Charles Kuehn or current occupants. This detainer warrant sought to remove Charles Kuehn and/or the current occupants of the Property, including Summers, from the Property.

A hearing on the detainer warrant was held in the General Sessions Court on January 26, 2011. At the hearing, no one appeared on behalf of Charles Kuehn or the current occupants of the Property to present a defense to the detainer warrant. The General Sessions Court granted possession of the Property to US Bank. Summers then filed a "Notice of Removal / Motion for Leave to File Notice of Removal Out of Time /

2

Case 3:11-cv-00039   Document 11   Filed 03/26/12   Page 2 of 11   PageID #: 218

Mandatory Judicial Notice Pursuant to Rule 201 F.R.E." to this court seeking to remove the detainer action from the Union County General Sessions Court to this court. Upon learning of the notice of removal, the General Sessions Court set aside its award of possession of the Property to await the ruling of this court.

**B. Removal of Actions**

Generally, statutes conferring removal jurisdiction must be strictly construed because removal jurisdiction encroaches on a state court's jurisdiction. *Brierly v. Aluswisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999). Because of the strict construction of removal statutes, any doubts regarding the removal of an action should be resolved against removal. *Queen ex. rel Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removing party bears the burden of proving that removal is proper. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97-98 (1921); *Long v. "Banco Mfg. of America, Inc.,* 201 F.3d 754, 757 (6th Cir. 2000).

**C. Defendant's Notice of Removal does not Comply with 28 U.S.C. § 1446**

Plaintiffs assert that defendant's notice of removal does not comply with 28 U.S.C. § 1446 because it does not contain a short and plain statement of the grounds for removal, it does not contain a copy of the detainer warrant filed with the Union County General Sessions Court, and it does not comply with the rule of unanimity as to all defendants.

The procedure for removal requires that a defendant file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the defendant in the action." 28 U.S.C. § 1446(a). In addition, the rule of unanimity demands that all defendants join in the petition to remove. *Loftis v. United Parcel Service, Inc.,* 342 F.3d 509, 516 (6th Cir. 2003), *quoting Brierly*, 184 F.3d at 533 n. 3 ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined must either join in the removal or file a written consent to the removal"). Failure to obtain unanimous consent forecloses the opportunity for removal under § 1446. *Loftis*, 342 F.3d at 516.

Here, Summers has failed to supply a short and plain statement of the grounds for removal, and he has failed to attach copies of all prior pleadings served on him in this case. There is no indication that defendant Kuehn joined in the removal pleadings, as he did not sign the notice of removal pleadings as required by § 1446(a) and Federal Rule of Civil Procedure 11. Further, the notice of removal pleadings do not indicate that defendant Kuehn consented to the removal. Thus, because the notice of removal contains pleading and filing defects, and because the rule of unanimity has not been satisfied, this action should be remanded to the state court.

4

### D. Defendant's Notice of Removal is Untimely

Next, plaintiffs assert that Summers' notice of removal was not filed timely in accordance with 28 U.S.C. § 1446, as the detainer warrant was filed with the Union County General Sessions Court on October 28, 2010, approximately eighty-two (82) days prior to Summers filing of his notice of removal. A notice of removal must

> [B]e filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The detainer warrant in this action was filed by plaintiffs on October 28, 2010 and served on Charles Kuehn or current occupants of the Property on November 3, 2010. Summers did not file his notice of removal until January 24, 2011, which was approximately eighty-two days after the defendants had received service of the detainer action. Therefore, because the notice of removal was not filed within the thirty (30) day limit required under § 1446(b), this action should be remanded to state court.

### E. Remand is Proper for Lack of Subject Matter Jurisdiction

Finally, defendants assert that this court lacks subject jurisdiction to hear this case because there is no diversity of citizenship between the parties, and there is no federal question jurisdiction because the action was brought solely under Tennessee state law and does not arise under, or present any issues of federal law.

5

An action may be removed from state to federal court only if it could have been brought there in the first place, that is, if the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has original subject matter jurisdiction over two types of actions. The first type involves those actions raising a federal question. *See* 28 U.S.C. § 1331. The second type involves those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. *See* 28 U.S.C. § 1332. The party removing an action to federal court has the burden of showing that the federal jurisdictional requirements are satisfied. *See, e.g., Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993).

Summers asserted in his notice of removal pleadings that removal was proper based on diversity of citizenship and federal question jurisdiction. Whether a claim arises under federal question jurisdiction is determined under the "well-pleaded complaint" rule, which generally looks only to the plaintiff's complaint. *Palkow v. CSX Transp. Inc.,* 431 F.3d 545, 552 (6th Cir. 2005). Federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Under the well-pleaded complaint rule, courts determine whether a claim or right arises under federal law by examining the "well-pleaded" allegations of the complaint and ignoring potential defenses. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). In

other words, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Long v. Banco Mfg. of Amer. Inc.,* 201 F.3d 754, 758 (6th Cir. 2000). Thus, "[i]f the complaint relies only on state law, the district court generally lacks subject matter jurisdiction and the action is not removable." *Palkow*, 432 F.3d at 552.

The well-pleaded complaint rule has long governed whether a case arises under federal law for purposes of § 1331. *Holmes Group Inc. v. Vornado Air Circulation Sys. Inc.,* 535 U.S. 826, 830 (2002). The court must look to the plaintiff's complaint to determine whether the claims involve or raise issues of federal law. *Id.* Case law has established that neither federal defenses alleged by a defendant, nor a counterclaim asserted by a defendant, can serve as the basis for "arising under" federal jurisdiction. *Id.* at 830-32. Allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded complaint doctrine, which serves as a quick rule of thumb for resolving jurisdictional conflicts. *Id.* at 832.

The initial pleading in this action, the detainer warrant filed by US Bank, arises solely under Tennessee state law, specifically, the unlawful entry and detainer statutes. *See* Tenn. Code Ann. §§ 29-18-101 *et seq.* Summers' notice of removal seeks removal on several different theories, including alleged violations of constitutional rights and a number of alleged statutory violations. However, pursuant to the well-pleaded complaint rule, the court finds that the detainer warrant in this case created no federal cause of action

7

or depended upon the resolution of a substantial federal question, despite the various defenses asserted in Summers' notice of removal pleadings. In addition, the court has found that no exception to the well-pleaded complaint rule applies in this case. Thus, because US Bank has not alleged a federal cause of action in the detainer warrant, and because the theories raised by Summers in the notice of removal pleadings do not confer federal question jurisdiction, the court does not have subject matter jurisdiction over this case and it should be remanded to state court.

Nor has Summers established that the court has subject matter jurisdiction under diversity of citizenship. *See* 28 U.S.C. § 1332. In order for a defendant to remove a case to federal court based on diversity jurisdiction, there must be complete diversity of citizenship. *Jerome-Duncan Inc. v. Auto-BY-Tel LLC,* 176 F.3d 904, 907 (6th Cir. 1999). Complete diversity exists when no plaintiff and no defendant are citizens of the same state. *Id.* In the present case, plaintiff Debora Griffin is a resident of Tennessee, and plaintiff Shapiro & Kirsch, LLP is a Tennessee law firm. Thus, two plaintiffs are residents of Tennessee. It is undisputed that Summers is also a resident of Tennessee. There is no diversity of citizenship as required between the parties. Accordingly, because diversity of citizenship does not exist between the parties, and because Summers has failed to establish federal question jurisdiction, the court does not have subject matter jurisdiction of this case and it should be remanded to state court.

**F. Request for Attorneys' Fees**

Plaintiffs also seek attorneys' fees connected with the motion to Remand pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "an order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." In the Sixth Circuit, such an award is discretionary with the court. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).

The court notes that this is the third time this court has remanded a case based on a notice of removal filed by Defendant Summers in a similar and related case. In the first similar action, Civil Case No. 3:09-CV-372, Plaintiff Commercial Bank initially filed a detainer action in the Union County General Sessions Court seeking possession of a different property on which Plaintiff Summers was illegally trespassing subsequent to a foreclosure on the property wherein Commercial Bank became the owner of the property in question in that litigation. In a second similar action, the same property in the previous case was at issue before this court, in Civil Case No. 3:10-CV-34, wherein Commercial Bank initially sought judgment from the Union County Chancery Court to clear the title of the property based on Summers' multiple and erroneous filings in the Union County Register of Deeds office that created a cloud of title on the property. In the Memorandum Opinion entered in that the case, the court stated:

> The court declines to exercise its discretion to award costs and fees under the circumstances of the removal in this case. However, the court recognizes that this the second time this court has remanded a case based on a notice of removal filed by Summers in a similar and related case. Should Summers file a third, similar motion or notice of removal, and should such motion or notice of removal be determined to be baseless, the

> court shall exercise its discretion and order an award of attorneys' fees and costs incurred as a result of the motion or notice.

Memorandum Opinion, *Commercial Bank Inc. v. Summers*, Civil Case No. 3:10-CV-34, filed March 25, 2010.

Because defendant Summers has, for a third time before this court, filed a frivolous and improper notice of removal seeking to delay a cause of action and to unnecessarily increase the expenses and costs of litigation, the court finds that an award of attorneys' fees and costs to plaintiffs is proper.

## G.  Conclusion

For the reasons stated herein, the court finds that Summers' notice of removal is procedurally and substantively defective.  Specifically, the notice of removal contains pleading filing defects, the rule of unanimity has not been satisfied, the notice of removal was not timely filed, and the court can discern no basis by which the court could exercise subject matter jurisdiction over the case.  Accordingly, plaintiffs' motion to remand [Doc. 9] is hereby **GRANTED.**  Pursuant to 28 U.S.C. § 1447(c), this case will be **REMANDED** to the Union County General Sessions Court.

Plaintiffs' motion for attorneys' fees and costs [Doc. 9] is also **GRANTED.** Plaintiffs shall file their motion and supporting documentation within **fifteen (15) days** of entry of the order remanding the case.

Defendant Summers' motion to dismiss [Doc. 5] is **DENIED AS MOOT.**

      **ENTER:**

          s/ Thomas W. Phillips
      United States District Judge