UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

U.S. BANK NATIONAL ASSOCIATION, *et al.*,  )
                                                              )
       Plaintiffs,                        )
                                                            )    No. 3:11-CV-39
                                                            )    (PHILLIPS/SHIRLEY)
V.                                                               )
                                                                )
CHARLES KUEHN, *et al.*,           )
                                                                )
       Defendants.                   )

**REPORT AND RECOMMENDATION**

      This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 17] referring Plaintiffs' Motion for Attorneys' Fees [Doc. 15] to the undersigned for report and recommendation.

      In their Motion for Attorneys' Fees [Doc. 15], the Plaintiffs note that the Court, through its Remand Order and Memorandum and Opinion [Docs. 11 and 12], granted the Plaintiffs' request for attorneys' fees. In so ordering, the Court explained, "Because defendant Summers has, for a third time before this court, filed a frivolous and improper notice of removal seeking to delay a cause of action and to unnecessarily increase the expenses and costs of litigation, the court finds that an award of attorneys' fees and costs to plaintiffs is proper." [Doc. 11 at 10]. The Plaintiffs were instructed to file a motion stating the amount of fees sought with supporting documentation.

      The Plaintiffs have timely filed these materials in the form of the Motion for Attorneys' Fees and its exhibits on April 3, 2012. In the Motion for Attorneys' Fees, the Plaintiffs request an award of $5,257.50 in attorneys' fees and $372.99 in expenses for a total of $5,630.49.

The Defendants have not responded to the Motion for Attorneys' Fees, and their time for doing so has expired, see E.D. Tenn. L.R. 7.1.  Pursuant to Local Rule 7.2, "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."  Thus, the Court may treat the Defendants' failure to respond as acquiescence to the relief sought. See Campbell v. McMinn County, Tenn., 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").  The Court may grant the award of fees requested based upon this failure to respond alone.

Nonetheless, the undersigned has considered: the fees requested, in light of the history of this case; the hourly rates charged for the work performed; and the hours expended on this matter.  [Doc. 16-1 at 1-3].  The undersigned has also considered the $372.99 in expenses requested.  [Doc. 16-1 at 3].  The undersigned finds that the fees and expenses requested are reasonable and sufficiently documented under the circumstances of this case.

The Court finds that the Defendants have failed to voice any opposition to the fees and expenses requested, and the Court further finds that the fees and expenses requested are reasonable.  Accordingly, the undersigned **RECOMMENDS**[1] that the Motion for Attorney's Fees  **[Doc. 15]** be **GRANTED**, and the Plaintiffs be awarded **$5,630.49** in fees and expenses.

    Respectfully Submitted,

      s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2).  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).